# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LORI SHAVLIK,<br><br>            Appellant,<br><br>    v.<br><br>SNOHOMISH COUNTY, ASSOCIATION OF WASHINGTON CITIES; ATTORNEY GENERAL, BOB FERGUSON,<br><br>            Defendants,<br><br>DEPARTMENT OF ENTERPRISE SERVICES,<br><br>            Respondent. | No. 57393-8-II<br><br><br>UNPUBLISHED OPINION |

MAXA, P.J. – Lori Shavlik appeals the trial court's order directing her to pay reasonable attorney fees to the Department of Enterprise Services (DES) as sanctions under CR 11 and RCW 4.84.185 for bringing a frivolous lawsuit and engaging in vexatious litigation conduct.

Shavlik sued DES for violating the Public Records Act (PRA). The trial court dismissed her claims with prejudice on September 3, 2021. DES filed a motion for sanctions consisting of an award of attorney fees on September 23. On October 22 the trial court orally granted the motion, but the court did not enter a written order granting the motion until May 13, 2022. The order stated that DES had 30 days to file a request for attorney fees, and DES did file such a request on June 9. The court subsequently awarded $113,882.85 in attorney fees to DES.

CR 54(d)(2) states that a motion for attorney fees "must be filed no later than 10 days after the entry of judgment." Shavlik's primary argument is that DES's September 2021 motion

for sanctions and the award of attorney fees was untimely under CR 54(d)(2) because it was filed more than 10 days after the case was dismissed. DES does not specifically address this argument.

We hold that DES's motion for attorney fees as sanctions was untimely under CR 54(d)(2), and DES provides no argument that the 10-day deadline should be disregarded under the facts of this case. Accordingly, we reverse the trial court's order awarding attorney fees to DES and remand for the trial court to vacate that order and the judgment entered against Shavlik regarding attorney fees.[1]

## FACTS

*Background*

In April 2019, Shavlik made a request for records to DES pursuant to the PRA. DES provided the records requested to Shavlik. DES later allowed her to inspect the records in DES's offices even though she did not have an appointment after she failed to appear for two appointments to review the records.

In February 2020, Shavlik filed a lawsuit against DES, Snohomish County, the Association of Washington Cities, and the Attorney General for violations of the PRA. Shavlik claimed that the defendants were "silently withholding access to public records through denying access to the Public Records Offices without an appointment." Clerk's Papers (CP) at 1. Shavlik subsequently voluntarily dismissed Snohomish County and the Attorney General from the lawsuit.[2]

---

[1] Shavlik also makes additional arguments, which we do not address because we are reversing on other grounds.

[2] The Association of Washington Cities is not listed as a defendant on appeal. However, there is nothing in the record showing that Shavlik dismissed her claims against them.

After over a year of litigation, the trial court scheduled a merits hearing on Shavlik's PRA claim for September 3, 2021. Shavlik did not file anything in support of her case for the merits hearing. And she failed to appear for the merits hearing. After considering the evidence and DES's briefing, the trial court concluded that DES did not violate the PRA. On September 3, the trial court entered findings of fact and conclusions of law, and ordered that Shavlik's claims against DES were dismissed with prejudice.

*Motion for Sanctions*

On September 23, DES moved for sanctions under CR 11 and RCW 4.84.185, requesting an award of attorney fees. DES argued, "In the one-and-a-half years following Plaintiff's initiation of this case, she engaged in dilatory tactics, missed or ignored deadlines, abused the discovery process, and, in the end, took no steps to prove or even argue to the Court that DES had violated the PRA." CP at 170.

On October 22, the trial court issued an oral ruling granting DES's motion for sanctions. In its ruling, the court noted that it would sign a written order at a later time.

Several months later, on May 13, 2022, the trial court issued a written order granting DES's motion for sanctions within 30 days of the date of the order. The court sent a letter to the parties apologizing for and explaining the delay in entering its written order.

The trial court's order included findings of fact and conclusions of law supporting the award of sanctions. The court concluded, "The Court grants Defendant DES's Motion for Sanctions under CR 11. Plaintiff is ordered to pay DES reasonable attorney fees in opposing this action under RCW 4.84.185. Defendant DES may submit such a motion within 30 days of the date of this order." CP at 325.

On June 9, DES filed a request for an award of attorney fees, apparently providing support for the attorney fees incurred in defending Shavlik's lawsuit.[3] The trial court entered an order granting DES's request for attorney fees. The court's order included findings of fact and conclusions of law supporting the award of attorney fees. The court awarded DES attorney fees in the amount of $113,882.85. The trial court subsequently entered a judgment against Shavlik for that amount.

Shavlik appeals the trial court's order granting DES's request for attorney fees.

ANALYSIS

Shavlik does not dispute the trial court's finding that she engaged in conduct supporting an award of attorney fees under CR 11 and RCW 4.84.185 or the amount of attorney fees awarded. Her primary argument is that DES's September 2021 motion for sanctions and the award of attorney fees was untimely. We agree.

CR 54(d)(2) states,

> Claims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion unless the substantive law governing the action provides for the recovery of such fees and expenses as an element of damages to be proved at trial. *Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment.*

(Emphasis added).

CR 54(a)(1) defines judgment as "the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies." An order of dismissal with prejudice is a final judgment. *Elliott Bay Adjustment Co., Inc. v. Dacumos*, 200 Wn. App. 208, 213, 401 P.3d 473 (2017).

---

[3] DES's request for attorney fees is not included in the record.

Here, the trial court entered an order dismissing Shavlik's claims with prejudice on September 3, 2021. This order constituted a judgment under CR 54(a)(1).

However, DES moved for sanctions and an award of attorney fees on September 23, 20 days after the trial court entered the final judgment. Therefore, DES failed to comply with the 10-day deadline in CR 54(d)(2).

DES makes no attempt to argue that the 10-day deadline does not apply here. In fact, DES completely ignores Shavlik's argument that its request for attorney fees was untimely because it was filed more than 10 days after the order of dismissal. Instead, DES argues that the trial court's May 2022 order granting the motion for sanctions and attorney fees is the operative pleading. DES claims that the court's order granting DES 30 days to file a request for attorney fees fell within the "[u]nless otherwise provided by . . . an order of the court" exception in CR 54(d)(2) to the 10-day deadline.

However, once DES missed the 10-day deadline, CR 54(d)(2) barred its claim for attorney fees. *See Corey v. Pierce County*, 154 Wn. App. 752, 773-74, 225 P.3d 367 (2010). DES cites no authority for the proposition that after the 10-day deadline has passed, a trial court can retroactively ignore CR 54(d)(2) and impose a new 30-day deadline.

DES could have argued on appeal that Shavlik waived her argument by not raising it in the trial court, that Shavlik failed to prove prejudice, or that the trial court had discretion to disregard CR 54(d)(2).[4] But the State did not make any of these arguments, and instead chose to ignore the substance of Shavlik's claim. We generally decline to address arguments the parties do not make in their briefs. *Cave Props. v. City of Bainbridge Island*, 199 Wn. App. 651, 663, 401 P.3d 327 (2017).

---

[4] We offer no opinion whether any of these arguments would have been successful.

Accordingly, we hold that DES's motion for attorney fees was untimely under CR 54(d)(2) and therefore the trial court erred in awarding attorney fees to DES.

## CONCLUSION

We reverse the trial court's order awarding attorney fees to DES and remand for the trial court to vacate that order and the judgment entered against Shavlik regarding attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

VELJACIC, J.

CHE, J.